```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
DON SMALLS,                   :
                              :       11-CV-923 (JG)(VVP)
             Plaintiff,       :
                              :       January 11, 2012
                              :
         V.                   :       Brooklyn, New York
                              :
MACEDONIA SENIOR RESIDENCE,   :
LP, et al.,                   :
             Defendant.       :
------------------------------X


            TRANSCRIPT OF CIVIL CAUSE FOR MOTION
          BEFORE THE HONORABLE VIKTOR V. POHORELSKY
              UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For the Plaintiff:        DAVID STEIN, ESQ.



For the Defendant:        STUART WEINBERGER, ESQ.


Audio Operator:


Court Transcriber:        ARIA SERVICES, INC.
                          c/o Elizabeth Barron
                          102 Sparrow Ridge Road
                          Carmel, NY 10512
                          (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1    THE COURT:  This is civil action 11-923, Don
2 Smalls v. Macedonia Senior Residence LP, et al.
3    Counsel, please state your appearances.
4    MR. STEIN:  Judge, good morning.  David Stein for
5 Mr. Smalls.
6    MR. WEINBERGER:  Good morning.  Stuart Weinberger
7 for the defendants.
8    THE COURT:  Is that S-t-e-w or u-a?
9    MR. WEINBERGER:  S-t-u-a-r-t, Judge.
10    THE COURT:  This matter is before the Court today
11 on the application by the plaintiff's counsel to be
12 relieved.  The application is based on the failure by the
13 plaintiff to respond to his counsel's efforts to communicate
14 with him, as I understand it.
15    The affidavit submitted or affirmation submitted
16 in support of the motion points to the efforts that have
17 been made to obtain Mr. Smalls' cooperation in prosecuting
18 the action, including efforts both by telephone and in
19 writing, and communications through his wife.
20    As a result of the motion being filed, the Court
21 issued an order scheduling a hearing on the motion,
22 directing that the order by served by counsel on his client,
23 on their client by mail and certified mail, return receipt
24 requested, and that a certification of that service be
25 filed.  The certification was indeed filed and service was

```
 1  accomplished in the manner directed by the Court, as
 2  certified by Mr. Stein in a certificated dated December 20th.
 3         The hearing was scheduled for today at 11:00 a.m.
 4  It's now 11:12 a.m.  Counsel are here, the plaintiff is not.
 5  The order scheduling the conference contained the following
 6  instruction:  "The plaintiff, Don Smalls, must appear in
 7  person at the above-scheduled hearing.  Failure to appear at
 8  the hearing will serve as grounds for dismissal of this case
 9  for failure to prosecute."
10         That statement was made in bold, upper-case font
11  and set off from everything else in the scheduling order, so
12  that it would not escape the attention of anyone who read
13  it.
14         Mr. Stein, let me ask you, have you heard anything
15  at all from Mr. Smalls in response to the scheduling order?
16         MR. STEIN:  I have not, Judge.
17         THE COURT:  All right.  Do you have any
18  explanation for why Mr. Smalls has apparently abandoned his
19  interest in this case?
20         MR. STEIN:  I have no explanation.  The last time
21  I spoke with him was August 11th, and that was pursuant to
22  settlement discussions that I was having with Mr.
23  Weinberger.  I attempted to follow up, to counter Mr.
24  Weinberger's proposal.  I have no explanation whatsoever for
25  why my client has not been in communication with me.
```

1    As the Court is aware, I have spoken with his
2    wife. I have verified through her that I had been calling
3    his correct number. I believe they live together but maybe
4    they have separate numbers that I have in my file. I have
5    left Mr. Smalls multiple voice messages. I have tried to
6    mail him multiple letters, none of which has been returned
7    as undeliverable.
8         I have no explanation, Judge, and I'm not happy
9    about it because there's money that I think could have been
10   made in this case for Mr. Smalls and for my firm. And
11   instead, we're here today before your Honor to talk about a
12   withdrawal.
13        THE COURT: Okay. I'm glad you clarified this.
14   You haven't received any return of the mail that was sent
15   pursuant to the Court's order, that is the service of the
16   scheduling order for today's conference or hearing. None of
17   that was returned to you.
18        MR. STEIN: It was not, Judge. But just to be --
19   for purposes of completeness, I also have not received the
20   signed card that comes along with the return receipt. I
21   have not received that from Mr. Smalls. I did do a search
22   of the U.S. Postal Service web site that allows you to track
23   and confirm, and the message that's contained on the most
24   recent certified letter of December 21st says, "We attempted
25   to deliver your item at 5:05 p.m. on December 22nd, 2011 in

Far Rockaway, New York, 11691, and a notice was left. No further information is available for this item."

So it was left on December 22nd at 5:05. I have nothing further. There had been, previous to that, a letter that I had sent before we ever made the application for withdrawal, on December 3rd, 2011. Also pursuant to the U.S. Postal Service web site, where you can track and confirm certified letters, the status contained as to that particular letter was "unclaimed." But, again, nothing has been returned to my office. Let me just confirm, Judge, that the December 3rd was also sent via regular mail.

THE COURT: I appreciate those efforts, Mr. Stein. If you find it, that's fine.

MR. STEIN: I do, Judge. It was actually a December 1 letter, which I guess went out on December 3rd or was attempted to be delivered December 3rd.

THE COURT: Right.

MR. STEIN: That was sent via first class and certified mail, return receipt requested. The regular mail was not returned to me as undeliverable.

THE COURT: All right.

MR. STEIN: Judge, just one other item: I don't believe that Mr. Smalls either would be incarcerated which could perhaps be an explanation, because as I said, I had spoken with his wife on a few occasions and she never

1  mentioned that to me.

2             THE COURT: Right. What I will do --

3             Mr. Weinberger, did you want to say anything at
4  all?

5             MR. WEINBERGER: No, Judge.

6             THE COURT: Okay. I didn't think there was
7  anything that you needed to say.

8             The way I will deal with this is, rather than
9  grant the motion, Mr. Stein, I'm going to simply recommend
10 dismissal of the case for wont of prosecution. As a matter
11 of fact, I'm doing this on the record now, and I'm
12 recommending to Judge Gleeson that the case be dismissed for
13 wont of prosecution, as it appears that the plaintiff has
14 simply abandoned the action.

15            I'm directing the clerk to prepare a transcript of
16 the hearing today and to have it mailed to Mr. Smalls at the
17 address of record. I say of record. It's the only address
18 I gather that Mr. Stein has for him, which is contained in
19 the certification of service. So we will mail a copy of the
20 transcript of today's hearing with this recommendation that
21 the case be dismissed for wont of prosecution, due to the
22 failure of the plaintiff to maintain any contact with his
23 counsel and to respond to counsel's efforts.

24            Mr. Smalls is advised by means of this transcript
25 that any objection to the dismissal or any objection to the

1  recommendation of dismissal must be filed in writing with
2  Judge Gleeson within fourteen days of his receipt of this
3  transcript.  A failure to file any objections within that
4  period of time will bar any right to appeal from any order
5  that Judge Gleeson may enter in response to the report and
6  recommendation.
7        Should this recommendation generate a response
8  from Mr. Smalls, then I can take up at that time whether the
9  motion should be granted, so I'm not denying the motion.
10 I'm just basically going to hold it in abeyance, in light of
11 the recommendation that the case be dismissed.
12       MR. STEIN:  Judge, two questions, if I may:  When
13 does your Honor anticipate that the transcript would be sent
14 to Mr. Smalls, just so that I can have some idea of tracking
15 the time?
16       THE COURT:  I intend to ask the clerk to have the
17 transcript prepared on an overnight basis, which means it
18 should be ready either tomorrow or the next day, and then it
19 will be mailed out at that time.  Given the additional three
20 days that are added to the time, given that it's sent by
21 mail, I would say that the time for the objections to be
22 lodged would commence probably next week, on Tuesday or so,
23 fourteen days from there.
24       MR. STEIN:  And then at the expiration of the
25 fourteen days, we will eventually see some sort of order

```
 1  from -- via ECF.
 2          THE COURT:  It would be in Judge Gleeson's
 3  ballpark at that point, and however -- whatever time he
 4  takes to review it and issue the order.  In the mean time,
 5  nothing else is going to be happening here.
 6          MR. STEIN:  And there's nothing else that's
 7  required of me.
 8          THE COURT:  Nothing.  Nothing else is required of
 9  you at this point.  You don't have to -- we'll take care of
10  service of the report and recommendation.
11          MR. STEIN:  Very good, thank you, Judge.
12          THE COURT:  All right?
13          MR. WEINBERGER:  Thank you, Judge.
14          THE COURT:  Thank you.
15                  * * * * * * * *
16
17
18
19
20
21
22
23
24
25
```

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

ELIZABETH BARRON                    January 12, 2012